[No. C024918. Third Dist. Dec. 30, 1997.]

STEPHANIE JANZEN et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD, CLAYTON CURTIS
et al., Respondents.

## COUNSEL

Eugene C. Treaster for Petitioner.

John M. Rea, Vanessa L. Holton, Linda L. Peters, Samuel D. McVey, Kirton & McConkie and Virginia Curtis Lee for Respondents.

## OPINION

**PUGLIA, P. J.**—Petitioner, Stephanie Janzen, seeks review of an order of the Workers' Compensation Appeals Board (Board) dismissing her application for death benefits. Petitioner's father, Stanley Janzen (the deceased), a California resident, was killed in an airplane crash while working in Wyoming as a pilot for a Wyoming employer. The Board concluded it lacked jurisdiction to award death benefits. We shall reverse.

## I

Respondent Clayton Curtis, doing business as Frontier Airways (Curtis), operated a crop dusting business in the State of Wyoming. The deceased met Curtis during one of the latter's many trips to Madera, California between 1981 and 1986 to purchase and retrofit airplanes for use in his business. They discussed the possibility of the deceased working for Curtis as a pilot.

In the spring of 1986, the deceased informed Curtis he was attending "ground school" to obtain a commercial pilot's license. In early June 1986, the deceased was so licensed and notified Curtis of his availability to work.

On June 13, the State of Wyoming awarded Curtis an insect control contract. It is customary immediately after such a contract is awarded for the contractor to employ pilots and other crew members to operate the aircraft needed for the job. Either the contractor contacts individual crew members or they contact him. The deceased had previously spoken with Curtis about this particular contract with a view to securing employment if the contract was awarded. On June 14, the deceased telephoned Curtis and they agreed that Curtis would employ the deceased as a copilot to work on the State of Wyoming contract, providing the deceased performed satisfactorily on a test run.

The deceased arrived in Wyoming on or about June 18 and took a test run with Curtis and the pilot with whom he would be working. He made his first commercial flight for Curtis on June 23 or June 24. He was killed when his plane crashed during a spraying run on June 27.

Petitioner, at the time nine years old, filed an application with the Board for workers' compensation death benefits.[1] Curtis made a "special appearance" in the workers' compensation proceeding, objecting to subject matter

[1]The employers initially named in the application for death benefits were the deceased's father, Marvin Janzen, and Wil-Mar-Jan Corp., which presumably was the deceased's employer in California before he contracted to work for Curtis. The State Compensation

jurisdiction. The issue of subject matter jurisdiction was tried before a workers' compensation judge who ruled in favor of Curtis, finding a lack of both subject matter and personal jurisdiction.

Petitioner moved for reconsideration contending, among other things, that personal jurisdiction was not at issue. The Board granted reconsideration for the limited purpose of vacating the finding as to personal jurisdiction. It vacated that finding and otherwise affirmed the decision of the workers' compensation judge. Petitioner filed the instant petition for review and Curtis cross-petitioned for review of the decision on reconsideration to the extent it vacated the finding there was no personal jurisdiction. We denied both the petition and cross-petition. Petitioner then sought review with the Supreme Court which transferred the matter back to this court with directions to vacate our denial and issue a writ of review.

## II

The single issue before us is whether the Board had jurisdiction to award death benefits to petitioner. There is no question the deceased was an employee of Curtis or that his death was the result of an industrial accident. There is no dispute petitioner is entitled to death benefits if the Board has jurisdiction to award them.

" 'Lack of jurisdiction' is a term used to describe situations in which a court is without authority to act. (*Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 288-291 [109 P.2d 942, 132 A.L.R. 715].) In its most fundamental sense, lack of jurisdiction means an entire absence of power to hear the particular subject matter of the case. (*Id.*, at p. 288.) The term also relates to the court's inability to render judgments against individuals who have not properly been made parties to an action. (*Ibid.*) Even when a court has jurisdiction over the subject matter and the parties in a fundamental sense, it may have no 'jurisdiction' or power to make orders which are not authorized by statute. (*Id.*, at pp. 288-290.)" (*In re Jody R.* (1990) 218 Cal.App.3d 1615, 1622 [267 Cal.Rptr. 746].)

Labor Code section 5305 confers subject matter jurisdiction on the Board "over all controversies arising out of injuries suffered outside the territorial limits of this state in those cases where the injured employee is a resident of this state at the time of the injury and the contract of hire was

Insurance Fund (SCIF) was later added as a defendant and Marvin Janzen was dropped. On October 20, 1994, Curtis and the Uninsured Employer's Fund were substituted as defendants for Wil-Mar-Jan Corp. and SCIF. It is undisputed Curtis was uninsured for purposes of California workers' compensation.

made in this state." In such cases the injured employee or, in the case of his death, his dependents, "shall be entitled to compensation according to the law of this state." (Lab. Code, § 3600.5.)

The workers' compensation judge found as facts that the deceased was a resident of California at the time of his death and "[a]ll evidence points to an agreement for employment being made in a phone conversation between [the deceased] and . . . Curtis on or about June 14, 1986."[2] That evidence is substantial. (See *Reynolds Elec., etc., Co. v. Workmen's Comp. App. Bd.* (1966) 65 Cal.2d 429, 433 [55 Cal.Rptr. 248, 421 P.2d 96].)

■ Under California law, "an oral contract consummated over the telephone is deemed made where the offeree utters the words of acceptance." (*Travelers Ins. Co. v. Workmen's Comp. App. Bd.* (1967) 68 Cal.2d 7, 14 [64 Cal.Rptr. 440, 434 P.2d 992], fn. omitted.) ■ However, the workers' compensation judge determined "[n]o evidence clearly establishes who was the offerer [*sic*] and who was the offeree in the phone conversation."

■ In the absence of contrary evidence, proof that an employment contract arose raises an inference it was the employer, the party with the superior bargaining power and the party who normally dictates the terms of the employment, who was the offeror. (*Bundsen v. Workers' Comp. Appeals Bd.* (1983) 147 Cal.App.3d 106, 111-112 [195 Cal.Rptr. 10].) This is consistent with the statutory mandate that state workers' compensation laws are to be "liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment." (Lab. Code, § 3202.) An inference the employee was the offeree is even more compelling in a case such as this where the employee was unavailable to testify and the employer failed to rebut the inference. (*Bundsen v. Workers' Comp. Appeals Bd., supra,* 147 Cal.App.3d at p. 112.)

■ Having concluded that, under California law, the contract of employment was entered into in this state, and hence Labor Code section 5305 confers subject matter jurisdiction over this dispute, the workers' compensation judge embarked upon a lengthy discussion on the principles of

---

[2]In the administrative proceeding, Curtis contested that a contract of employment was entered into in the June 14 telephone conversation. Curtis testified that at the time of the telephone call he had not yet been awarded the contract with the State of Wyoming. Curtis indicated his arrangement with the deceased was that *if* Curtis got the contract and *if* the deceased performed satisfactorily in a test run, he would be given a job. Curtis continues to maintain that no contract was entered into during the telephone conversation. However, in that portion of his deposition transcript admitted into evidence at the hearing, Curtis was asked where the contract of employment was entered into and answered: "As far as I can remember, he in Reedley[,] California and me in Sheridan, Wyoming." [*sic*] Curtis described this as the "final agreement" and acknowledged he told the deceased he had been awarded the spraying contract that day and the deceased said, "I'll be there tomorrow."

conflict of laws. ■■■ ▪▪ The judge concluded Wyoming law should govern because, under the circumstances, the interests of Wyoming are paramount.[3] ■■ The judge explained application of California workers' compensation laws would be "contrary to all concepts of fundamental fairness and common sense." Borrowing from personal jurisdiction analysis, the judge concluded the circumstances are not such that Curtis "should have reasonably anticipated being 'haled into court' in California."

Conflict of laws principles are relevant in this proceeding only if there is a conflict between the laws of California and Wyoming over the formation of the employment contract. As we have stated, the only issue in this proceeding is whether the Board had jurisdiction to award death benefits to petitioner. Since it is undisputed the deceased was a resident of California, resolution of that issue turns on whether the employment contract between the deceased and Curtis was entered into in California. As previously explained, under California law a contract entered into over the telephone is deemed made where the offeree expressed acceptance or, if the offeree cannot be determined, where the employee was located. The parties cite no authority for a different rule under Wyoming law, nor have we independently found any Wyoming cases or statutes bearing on the issue. There being no apparent conflict in the laws of the two states on the only matter at issue, there is no occasion to consider the conflicting interests of California and Wyoming.

The workers' compensation judge's conflict of laws analysis addressed whether California *or* Wyoming workers' compensation law should govern this dispute. That is not the issue. Both sets of law may apply. (See, e.g. *Travelers Ins. Co.* v. *Workmen's Comp. App. Bd.*, *supra*, 68 Cal.2d at pp. 11, 13.) ■■ As a leading treatise explains: "Jurisdiction may be concurrent between two states, one on the basis of an injury occurring within its borders, the other on the basis of contract. In cases of this type, the courts, applying equitable principles, give the employer credit for any compensation benefits furnished under either law. [Citation.]" (1 Herlick, Cal. Workers' Compensation Law (5th ed.) § 31.1, p. 13-4; see *Thomas* v. *Washington Gas Light Co.* (1980) 448 U.S. 261 [100 S.Ct. 2647, 65 L.Ed.2d 757].)

---

[3]As the judge explained, California follows a "governmental interests" approach to choice of laws questions. (*Kasel* v. *Remington Arms Co.* (1972) 24 Cal.App.3d 711, 730 [101 Cal.Rptr. 314].) Section 188, subdivision (2) of the Restatement Second of Conflict of Laws lists the following relevant contacts: "(a) the place of contracting, [¶] (b) the place of negotiation of the contract, [¶] (c) the place of performance, [¶] (d) the location of the subject matter of the contract, and [¶] (e) the domicile, residence, nationality, place of incorporation and place of business of the parties." Under the governmental interests approach, these factors are examined "in connection with the analysis of the interest of the involved state in the issues, the character of the contract and the relevant purposes of the contract law under consideration. [Citation.]" (*Stonewall Surplus Lines Ins. Co.* v. *Johnson Controls, Inc.* (1993) 14 Cal.App.4th 637, 645 [17 Cal.Rptr.2d 713].)

■ In concluding the exercise of jurisdiction would violate fundamental fairness and common sense because Curtis did not "purposely establish" contacts with this state, the workers' compensation judge analyzed the matter as one of personal jurisdiction. ■ It is of course axiomatic that before a tribunal may enter an award against a party, it must have personal jurisdiction over that party. (2 Witkin, Cal. Procedure (4th ed. 1996) Jurisdiction, § 108, p. 646.) Personal jurisdiction requires both notice and that the party have at least "minimal contacts" with the forum state. (*Hanson* v. *Denckla* (1958) 357 U.S. 235, 251 [78 S.Ct. 1228, 1238, 2 L.Ed.2d 1283, 1296].)

■ Curtis contends personal jurisdiction is lacking because his contacts with the state are inadequate to support jurisdiction and even if they were adequate, he did not receive timely service of process. Curtis contends the matter must therefore be dismissed for failure to serve him within three years of commencement of the action. (See Code Civ. Proc., §§ 583.210, subd. (a), 583.250.) The Uninsured Employer's Fund (see fn. 1 *ante*, p. 113) contends it has no obligation to pay workers' compensation benefits where there is no personal jurisdiction over the employer.

The issue of personal jurisdiction is not before us. In its decision after reconsideration, the Board found no subject matter jurisdiction but vacated the finding of the workers' compensation judge that personal jurisdiction was lacking. Petitioner sought review in this court of the determination as to subject matter jurisdiction; Curtis cross-petitioned for review on the issue of personal jurisdiction. On December 5, 1996, we denied both the petition and cross-petition. Petitioner sought review in the Supreme Court, which granted his petition and transferred the matter back to this court with directions to vacate our summary denial and issue a writ of review. Curtis did not seek further review, and that portion of our order denying the cross-petition is now final and no longer subject to review. (Cal. Rules of Court, rules 24, 28(b); *Bay Development, Ltd.* v. *Superior Court* (1990) 50 Cal.3d 1012, 1023 [269 Cal.Rptr. 720, 791 P.2d 290].)

In any event, Curtis waived objection to personal jurisdiction when he made a special appearance for the sole purpose of contesting *subject matter* jurisdiction. (See *Raps* v. *Raps* (1942) 20 Cal.2d 382, 384-385 [125 P.2d 826]; 2 Witkin, *op. cit. supra*, Jurisdiction, § 198, pp. 763-764.) Relying on *Goodwine* v. *Superior Court* (1965) 63 Cal.2d 481, 484 [47 Cal.Rptr. 201, 407 P.2d 1], Curtis contends his special appearance to contest *subject matter* jurisdiction preserved his personal jurisdiction claim. In *Goodwine*, the court concluded a defendant in a divorce proceeding who made a special appearance to contest subject matter jurisdiction did not thereby submit to personal

jurisdiction. However, the basis of the *Goodwine* defendant's challenge was that neither party was domiciled in the forum state. In effect, the defendant challenged both subject matter and personal jurisdiction. (See *Loftin* v. *Superior Court* (1971) 19 Cal.App.3d 577, 580 [97 Cal.Rptr. 215]; see also *Berard Construction Co.* v. *Municipal Court* (1975) 49 Cal.App.3d 710, 717 [122 Cal.Rptr. 825].) As previously explained, Curtis's challenge to subject matter jurisdiction was based solely on his claim the contract of employment was entered into in Wyoming. Having failed specifically to contest personal jurisdiction, Curtis subjected himself to the Board's jurisdiction for purposes of petitioner's claim.

As to Curtis's contention the matter must be dismissed because he did not receive service of process within three years of commencement of the action against him, this too has been waived. On October 20, 1994, the Board issued an order officially joining Curtis and the Uninsured Employer's Fund as parties and dismissing Wil-Mar-Jan Corp. and SCIF. (See fn. 1, *ante,* p. 113.) The minutes of the workers' compensation hearing on October 17, 1995, indicate the purpose of the hearing was to determine subject matter jurisdiction and that the defendants, including Curtis, were not contesting personal jurisdiction. Thus, assuming, arguendo, that the three-year time limit for service of process in Code of Civil Procedure section 583.210 is generally applicable to workers' compensation proceedings, it does not apply where, as here, the defendant made a general appearance within three years after being joined as a defendant in the action. (See Code Civ. Proc., § 583.220.)

On reconsideration, the Board erroneously upheld the finding it had no subject matter jurisdiction. Subject matter jurisdiction is established here by virtue of the deceased's resident status and the fact the employment contract was entered into in California.

The order of the Board on reconsideration is annulled and the matter remanded for further proceedings consistent with the views expressed in this opinion. Petitioner shall recover her costs of this proceeding.

Blease, J., and Raye, J., concurred.

Respondents' petition for review by the Supreme Court was denied April 1, 1998.