[No. B145789. Second Dist., Div. Five. Mar. 29, 2001.]

GENERAL ELECTRIC CAPITAL AUTO FINANCIAL SERVICES, INC.,
Petitioner, v.
THE APPELLATE DIVISION OF THE SUPERIOR COURT OF LOS
ANGELES COUNTY, Respondent;
NATHAN H. HARRIS, Real Party in Interest.

**COUNSEL**

McClure & Carter, Kathleen M. K. Carter and Marc Lazarus for Petitioner.

Frederick R. Bennett for Respondent.

Nathan H. Harris, in pro. per., for Real Party in Interest.

**OPINION**

**GRIGNON, J.**—This case concerns the jurisdiction of the appellate division of the superior court, following trial court unification, to hear a petition for writ of mandate arising out of enforcement proceedings in the small claims court. The clerk of the appellate division of the superior court rejected, for want of jurisdiction, a petition for writ of mandate challenging a postjudgment enforcement order of the small claims court. ■ We conclude jurisdiction lies with the appellate division of the superior court to review a postjudgment enforcement order of a small claims court. The appellate division has jurisdiction to review a postjudgment order in a limited civil case. A small claims case is a limited civil case. The statute and rules applicable to limited civil cases apply to small claims cases unless a small claims statute or rule provides otherwise. Small claims statutes provide for the appeal of small claims court judgments in a trial de novo to the superior court, rather than to the appellate division. No small claims statutes provide for the review of postjudgment enforcement orders. Therefore, small claims enforcement orders are reviewed in the same manner as postjudgment enforcement orders in a limited civil case. Accordingly, we order the clerk of the appellate division of the superior court to accept for filing the petition for writ of mandate challenging the postjudgment enforcement order of the small claims court.

### FACTS AND PROCEDURAL BACKGROUND

Real party in interest Nathan H. Harris sued petitioner General Electric Capital Auto Financial Services, Inc., in small claims court. Real party

prevailed and was awarded $5,000. Petitioner appealed to the superior court, which held a trial de novo and awarded real party $4,222.98. The superior court then transferred the matter to the small claims court for enforcement proceedings. Petitioner did not pay the judgment. Real party propounded postjudgment interrogatories designed to discover information about petitioner's assets that might be subject to levy. Petitioner served responses in which it objected to all of the interrogatories.

Real party filed a motion to compel responses to the interrogatories and a request for sanctions. On September 20, 2000, the small claims court entered an order granting the motion to compel. The small claims court ordered petitioner to answer the interrogatories by October 13, 2000, and pay sanctions of $750 ($450 payable immediately, with the remaining $300 stayed if petitioner served the responses by Oct. 13, 2000). On October 13, 2000, petitioner served responses to all of the interrogatories but one, to which it continued to object.

Petitioner submitted to the appellate division a petition for writ of mandate, challenging the order compelling responses and imposing sanctions. The clerk of the appellate division refused to accept the petition for filing. The clerk's "Appellate Division Rejection Sheet" bore a notation that the appellate division "does not have appellate jurisdiction over small claims matters, therefore it does not have writ jurisdiction. (Cal. Const., art. [VI], § 10.)"

Petitioner filed this petition for writ of mandate, contending that the statutes and rules implementing trial court unification have divested the superior court appellate division of jurisdiction to hear this matter. Petitioner contends jurisdiction rests with this court. On our own motion, we issued an order to the superior court to show cause why a writ of mandate should not issue directing the clerk of the superior court's appellate division to accept the petition for filing. The parties were given an opportunity to file written briefs and orally argue the matter.

DISCUSSION

*Trial Court Unification*

We begin with an overview of trial court unification. Prior to 1998, the California Constitution provided for the establishment of superior and municipal courts in each county. Superior courts were courts of general jurisdiction. Municipal court jurisdiction was limited, in general, to misdemeanors and civil actions in which the amount in controversy did not exceed

$25,000. Appeals from municipal court matters were heard by the appellate department of the superior court. Included within the municipal courts were small claims courts, which had jurisdiction of civil actions in which the amount in controversy did not exceed $5,000. Small claims judgments of the municipal court were not appealable to the appellate departments of the superior court, but were appealed to the superior court, which held a trial de novo. The superior court small claims judgment was not further appealable.

"In the Primary Election of June 2, 1998, the voters enacted Proposition 220, permitting voluntary unification of the municipal and the superior courts, and authorizing amendment of the state Constitution to reflect the related modification of trial and appellate court jurisdiction. (Cal. Const., art. VI, §§ 10, 11)." (*Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 763, fn. 2 [98 Cal.Rptr.2d 1, 3 P.3d 286].) The state Constitution was amended to set forth appellate jurisdiction of state courts, following trial court unification. Article VI, section 11 was amended to provide in pertinent part: "(a) The Supreme Court has appellate jurisdiction when judgment of death has been pronounced. With that exception courts of appeal have appellate jurisdiction when superior courts have original jurisdiction in causes of a type within the appellate jurisdiction of the courts of appeal on June 30, 1995, and in other causes prescribed by statute. . . . [¶] (b) Except as provided in subdivision (a), the appellate division [formerly appellate department] of the superior court has appellate jurisdiction in causes prescribed by statute." Article VI, section 10 was amended to provide in pertinent part: "The appellate division of the superior court has original jurisdiction in proceedings for extraordinary relief in the nature of mandamus, certiorari, and prohibition directed to the superior court in causes subject to its appellate jurisdiction."

"Thereafter, Senate Bill No. 2139 (1997-1998 Reg. Sess.) (hereafter Senate Bill 2139) was introduced [to implement trial court unification]. The Legislative Counsel's Digest describes it as follows: 'The California Constitution provides for the establishment of superior and municipal courts, as specified, in each county. SCA 4 of the 1995-96 Regular Session, as approved by the voters on June 2, 1998, provides for the abolition of municipal courts within a county, and for the establishment of a unified superior court for that county, upon a majority vote of superior court judges and a majority vote of municipal court judges within the county. . . . [¶] This bill would make various statutory changes to implement and conform to the unification of trial courts pursuant to the constitutional amendment.' (Legis. Counsel's Dig., Sen. Bill No. 2139 (1997-1998 Reg. Sess.).) Senate Bill 2139 was enacted effective September 28, 1998." (*Snukal v. Flightways*

*Manufacturing, Inc., supra,* 23 Cal.4th at p. 763, fn. 2.) Pursuant to the constitutional and statutory authority, the municipal and superior courts of Los Angeles County have unified.[1]

Senate Bill No. 2139 (1997-1998 Reg. Sess.) (Senate Bill 2139) enacted, amended, and revised a great many statutes to reflect the changes in the court system following unification. It was recognized that the trial courts of some counties might opt to unify, while the trial courts of other counties might choose to continue municipal and superior courts. The statutes were revised to reflect this dual court system. "The statutes enacted or modified by Senate Bill [No.] 2139 provided for the replacement of the concept of municipal court jurisdiction with that of the 'limited civil case,' as part of the unification process authorized in 1998. 'On unification of the trial courts in a county, all causes will be within the original jurisdiction of the superior court. Differentiation among superior court causes will be necessary, however, to preserve filing fees, economic litigation procedures, local appeal, and other significant procedural distinctions for matters that traditionally have been within the municipal court's jurisdiction. . . . [¶] . . . [¶] . . . In a county in which the courts have not unified, the municipal court has jurisdiction of limited civil cases. In a county in which the courts have unified, the superior court has original jurisdiction of limited civil cases, but these cases are governed by economic litigation procedures, local appeal, filing fees, and the other procedural distinctions that characterize these cases in a municipal court.' ([Trial Court Unification: Revision of Codes (July 1998)] 28 Cal. Law Revision Com. Rep. (1998) pp. 64-65, fn. omitted; 2 Witkin Cal. Procedure (2000 supp.) Courts, § 248A, pp. 48-49.)" (*Snukal v. Flightways Manufacturing, Inc., supra,* 23 Cal.4th at p. 763, fn. 2.)

Senate Bill 2139 strove to preserve the distinctions between former municipal and superior courts in the new unified superior courts. "The objective of the proposed revisions is to preserve existing rights and procedures despite unification, with no disparity of treatment between a party appearing in municipal court and a similarly situated party appearing in superior court as a result of unification of the municipal and superior courts in the county." (Trial Court Unification: Revision of Codes (July 1998) 28 Cal. Law Revision Com. Rep. (1998) p. 60.)

*Limited Civil Cases*

■ Trial court unification resulted in the introduction of the concept of a "limited civil case" to describe former municipal court cases. "Subject to

---

[1]The courts of all counties have now unified.

other criteria, in general a case is deemed a limited civil action when the amount in controversy does not exceed $25,000. (Code Civ. Proc., §§ 85, 86.)" (*Snukal v. Flightways Manufacturing, Inc., supra,* 23 Cal.4th at p. 763, fn. 2.) A limited civil case is defined to include a small claims case. "A limited civil case may be brought in the small claims division if the case is within the jurisdiction of the small claims division as otherwise provided by statute." (Code Civ. Proc., § 87, subd. (a).) In general, the small claims court has jurisdiction when the amount in controversy does not exceed $5,000. (Code Civ. Proc., § 116.220.) Unless otherwise provided by statute or rule, the statutes or rules applicable to limited civil cases are applicable to small claims cases. "Where a statute or rule applicable to a small claims case conflicts with a statute or rule applicable to a limited civil case, the statute or rule applicable to a small claims case governs the small claims case and the statute or rule applicable to a limited civil case does not." (Code Civ. Proc., § 87, subd. (a).)

*Small Claims Procedures*

The judicial procedures for resolving small claims are designed to promote the legislative purpose of resolving "minor civil disputes expeditiously, inexpensively, and fairly . . . ." (Code Civ. Proc., § 116.120.) A plaintiff may commence an action in the small claims court by filing a claim. (Code Civ. Proc., § 116.320.) The defendant may file a counterclaim against the plaintiff. (Code Civ. Proc., § 116.360.) After an informal hearing, the small claims court enters a judgment. (Code Civ. Proc., § 116.610.) The plaintiff in a small claims action has no right to appeal a judgment in favor of the defendant on the plaintiff's claim, but the defendant in a small claims action may appeal a judgment in favor of the plaintiff. (Code Civ. Proc., § 116.710.) Similar appeal rights apply to judgments on a defendant's counterclaim. (*Ibid.*) The appeal is to the superior court and consists of a trial de novo. (Code Civ. Proc., § 116.770.) After an informal hearing before a superior court judicial officer, other than the judicial officer who heard the action in the small claims court, the superior court enters a judgment. (Code Civ. Proc., § 116.770.) "The judgment of the superior court after a hearing on appeal is final and not appealable." (Code Civ. Proc., § 116.780, subd. (a).)

Once the small claims judgment becomes final, the matter is returned to the small claims court for enforcement proceedings. "Upon the expiration of 10 days following the completion of the appeal process, the superior court shall order the appeal and any judgment transferred to the small claims court in which the action was originally filed for purposes of enforcement and

other proceedings under Article 8 (commencing with Section 116.810) of this chapter." (Code Civ. Proc., § 116.780, subd. (d).)

The small claims judgment is then enforceable in the same manner as any other judgment. "The judgment of a small claims court may be enforced as provided in Title 9 (commencing with Section 680.010) of Part 2 and in Sections 674 and 1174 on the enforcement of judgments of other courts. A judgment of the superior court after a hearing on appeal, and after transfer to the small claims court under subdivision (d) of Section 116.780, may be enforced like other judgments of the small claims court, as provided in Title 9 (commencing with Section 680.010) of Part 2 and in Sections 674 and 1174 on the enforcement of judgments of other courts." (Code Civ. Proc., § 116.820.)

*Appellate Review of Limited Civil Cases*

"An appeal in a limited civil case is to the appellate division of the superior court. An appeal in a limited civil case may be taken from any of the following: [¶] (a) From a judgment, except (1) an interlocutory judgment, or (2) a judgment of contempt that is made final and conclusive by Section 1222. [¶] (b) From an order made after a judgment made appealable by subdivision (a)." (Code Civ. Proc., § 904.2.) "Appeals from the small claims division of a municipal or superior court shall be governed by the Small Claims Act (Chapter 5.5 (commencing with Section 116.110) of Title 1 of Part 1)." (Code Civ. Proc., § 904.5.) An order made to enforce an appealable judgment is appealable. (*Lovret v. Seyfarth* (1972) 22 Cal.App.3d 841, 852 [101 Cal.Rptr. 143].)

*Statutory Interpretation*

"In interpreting a statute, we apply the usual rules of statutory construction. 'We begin with the fundamental rule that our primary task is to determine the lawmakers' intent. [Citation.] . . . To determine intent, " 'The court turns first to the words themselves for the answer.' " [Citations.] "If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) . . . ." ' [Citation.] We give the language of the statute its 'usual, ordinary import and accord significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose. A construction making some words surplusage is to be avoided. The words of the statute must be construed in context, keeping in mind the statutory purpose . . . . Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent.' " (*Kane v. Hurley* (1994) 30 Cal.App.4th 859, 862 [35 Cal.Rptr.2d 809].)

*Postjudgment Enforcement Orders in Small Claims Cases*

 Petitioner and respondent court both contend that the appellate division of the superior court has no appellate jurisdiction over small claims matters. This is incorrect. The appellate division of the superior court has no appellate jurisdiction over appeals from small claims court *judgments*. That jurisdiction rests with the superior court and is exercised by a trial de novo before a superior court judicial officer, other than the judicial officer who heard the action in small claims court. After the de novo review, a judgment is entered and the judgment is returned to the small claims court for enforcement. The small claims judgment is enforced in the same manner as other judgments. (Code Civ. Proc., § 116.820.) A small claims case is also a limited civil case. Since there are no small claims statutes or rules concerning the appeal of postjudgment enforcement orders, the limited civil case statutes and rules are applicable. (Code Civ. Proc., § 87, subd. (a).) Those statutes explicitly provide for appellate division jurisdiction of limited civil case postjudgment order review. (Code Civ. Proc., § 904.2, subd. (b).)

It can be argued that postjudgment orders appealable to the appellate division under Code of Civil Procedure section 904.2, subdivision (b) do not include postjudgment orders following a small claims judgment. The argument might be made that since small claims court judgments are not appealable to the appellate division under section 904.2, subdivision (a), then neither are orders following small claims judgments. Although this argument has some superficial appeal, on closer inspection it fails. Section 904.2, subdivision (a) makes appealable to the appellate division all judgments in a limited civil case with two express exceptions. A small claims judgment is a judgment in a limited civil case and is not one of the express exceptions. It is true that a special appeal procedure is provided for appeals from small claims court judgments in section 904.5, but thereafter the ensuing judgment is treated and enforced in the same manner as any other limited civil case judgment. Any other construction of the statutory provisions would require review by the Courts of Appeal and defeat the legislative purpose of resolving minor civil disputes expeditiously, inexpensively, and fairly.[2]

Thus, the plain language of the various statutory provisions, taken as a whole, mandates a conclusion that the appellate division of the superior

---

[2]A construction requiring review by the Courts of Appeal would also defeat the purpose of the transfer rules, which permit transfer to the Court of Appeal of appeals in limited civil cases only where "transfer . . . appears necessary to secure uniformity of decision or to settle important questions of law." (Cal. Rules of Court, rule 63(a); see also Cal. Rules of Court, rule 61(b).)

court has appellate and extraordinary writ jurisdiction of postjudgment enforcement orders of the small claims court.[3] This statutory construction is consistent with the amended constitutional provisions. The California Constitution, as amended by Proposition 220, provides that Courts of Appeal have appellate jurisdiction of causes when the superior court has original jurisdiction, provided the Courts of Appeal had appellate jurisdiction prior to trial court unification. In other cases, the appellate division of the superior court has appellate jurisdiction. The appellate division also has original jurisdiction in writ proceedings in causes subject to its appellate jurisdiction. The plain import of these constitutional provisions is to preserve the status quo prior to trial court unification. Thus, Courts of Appeal have appellate jurisdiction of superior court causes when the Courts of Appeal had appellate jurisdiction prior to unification and the appellate division has appellate jurisdiction of superior court causes when, prior to unification, the cause would have been a municipal court matter subject to the appellate jurisdiction of the appellate department of the superior court. Unification was to have no impact on appellate jurisdiction. The parties concede that prior to unification small claims postjudgment enforcement orders were reviewed by the appellate department of the superior court, not the Courts of Appeal. Accordingly, the appellate division continues to have appellate jurisdiction following unification.

This construction of the statutory and constitutional provisions is also consistent with the legislative intent. The legislative history makes clear that differentiation among superior court causes will be necessary after unification in order to preserve local appeal procedures. In addition, one of the objectives of the statutory amendments following unification was to ensure that municipal court litigants would be treated the same as similarly situated litigants in unified superior courts. Thus, appellate review of postjudgment orders of the small claims division was required to be identical whether the review was from an order of a municipal court or a unified superior court.

We hold that the appellate division of the superior court has appellate and extraordinary writ jurisdiction of postjudgment enforcement orders in small claims actions.

## DISPOSITION

The petition for writ of mandate is granted. A peremptory writ shall issue directing the clerk of the appellate division of the superior court to accept for

---

[3]The parties do not raise, and therefore we do not discuss, whether the specific order which is the subject of the extraordinary writ proceeding is an appealable postjudgment order.

filing petitioner's petition for writ of mandate challenging the small claims division's September 20, 2000 order granting real party in interest's motion to compel discovery. The parties are to bear their own costs.

Turner, P. J., and Armstrong, J., concurred.