[No. B152997. Second Dist., Div. Seven. Sept. 17, 2002.]

MICHAEL WOZNIAK, Plaintiff and Appellant, v.
GREGORY LUCUTZ, Defendant and Respondent.

**COUNSEL**

Ellis & Kingston and Howard Gertz for Plaintiff and Appellant.

Haight, Brown & Bonesteel, Roy G. Weatherup, Stephen M. Caine; Bollington, Stilz, Bloeser & Curry and William S. Hargiss for Defendant and Respondent.

## OPINION

**LILLIE, P. J.**—Plaintiff Michael Wozniak (Wozniak) appeals from judgment in his favor for $25,000, seeking to reinstate a jury verdict in his favor for $58,000, or in the alternative, to vacate the $25,000 judgment as void and to reinstate a prior postverdict order of the "limited jurisdiction" court amending the complaint, declaring a mistrial, and transferring the case to the "unlimited jurisdiction court."[1] We affirm the judgment, as Wozniak's contentions are based on misunderstandings of the effects of trial court unification and the legal consequences of pleadings, proceedings, and rulings in this record.

### PROCEDURAL BACKGROUND

On September 3, 1999, Wozniak filed in the former municipal court a complaint against Gregory Lucutz for damages for personal injuries and property damage arising out of an automobile accident on September 5, 1998. The complaint sought general and special damages "in amounts not yet determined," and alleged that "permission of the court will be sought to amend the complaint accordingly when the same has been ascertained." The prayer alleged that plaintiff "remits judgment in excess of this court's jurisdiction, for the purpose of being allowed to file in this court, subject to a motion to transfer this action to the superior court in the event the damages of plaintiff reasonably appear to exceed the jurisdictional limits of the municipal court."

After unification of the trial courts in Los Angeles County, and on June 7, 2000, Lucutz filed an answer. The case went to judicial arbitration where Wozniak obtained an award of $5,367.54; defendant did not appear at the arbitration. Wozniak requested a trial de novo.

---

[1] The trial courts in Los Angeles County unified in January 2000. " ' "On unification of the trial courts in a county, all causes will be within the original jurisdiction of the superior court. Differentiation among superior court causes will be necessary, however, to preserve filing fees, economic litigation procedures, local appeal, and other significant procedural distinctions for matters that traditionally have been within the municipal court's jurisdiction." ' " (*General Electric Capital Auto Financial Services, Inc. v. Appellate Division* (2001) 88 Cal.App.4th 136, 141 [105 Cal.Rptr.2d 552].) "Trial court unification resulted in the introduction of the concept of a 'limited civil case' to describe former municipal court cases. 'Subject to other criteria, in general a case is deemed a limited civil action when the amount in controversy does not exceed $25,000. (Code Civ. Proc., §§ 85, 86.)' " (*Id.*, at pp. 141-142.)

The parties in their briefs refer to the two departments involved in the instant trial court proceedings as the "limited civil court" (or "limited jurisdiction court"), as distinguished from the "unlimited civil court" (or "unlimited jurisdiction court"). These are misleading misnomers. After unification, there is only one court—the superior court (*TrafficSchoolOnline, Inc. v. Superior Court* (2001) 89 Cal.App.4th 222, 228 [107 Cal.Rptr.2d 412]); in the superior court, there are either limited civil cases or unlimited civil cases. (See Code Civ. Proc., §§ 85, 88, 89.)

Still retaining its municipal court case number and status as a limited civil case, the matter was set for a status and trial-setting conference on January 16, 2001. Counsel for Wozniak completed a status conference questionnaire stating that liability was not admitted, no law and motion matters remained to be heard, and plaintiff's special damages were $23,960.29. According to the declaration of defendant's counsel, plaintiff's counsel indicated several weeks before trial that he was considering a motion to transfer the matter to an "unlimited jurisdiction court," but no such motion was made.

The matter proceeded to jury trial before Judge Barbara A. Meiers (Judge Meiers), for which trial our record contains no reporter's transcript. According to the declaration of defendant's counsel, plaintiff's counsel told the court at the close of the evidence that a motion to transfer the matter to an "unlimited jurisdiction court" would be made in the event the jury rendered a verdict in excess of $25,000. Defendant objected on the grounds that such a motion was too late; the motion should have been brought before trial.

On March 15, 2001, the jury returned a verdict of "$47,500 plus $10,500 for loss and/or damage to vehicle." At trial, plaintiff had introduced evidence that as a result of the accident he suffered serious bodily injuries and pain up to the time of trial; as a result of the pain, he could not do his job; he lost his job and became homeless; plaintiff claimed two years of lost wages.

The clerk's minutes for March 15, 2001, reveal that after the jury was excused, Judge Meiers found the following: "[T]he jury verdict exceeds the jurisdiction of the limited jurisdiction court. Accordingly, on plaintiff's [oral] motion to amend the complaint to remove any consent to remit and to transfer case to superior general jurisdiction court, case is ordered 'transferred' (i.e., reclassified), the court finding, inter alia, that the complaint statement 'remitting excess' was ambiguous and conditional and therefore invalid in the first place and that leave to amend is and was appropriate in the interest of justice as is the 'transfer,' i.e., reclassification to a general jurisdictional case. [¶] The case is ordered mistried and is ordered referred to the clerk's office for reclassification as a general jurisdiction case and reassigned as such, all over the opposition of the defendant."

According to defendant, there was no written notice of any motion to amend the complaint or for mistrial; the mistrial was entered by the court unilaterally and without any application or motion by plaintiff. Defendant also had no opportunity to conduct research or to file opposition papers to the motions prior to the order of March 15, 2001.

On May 9, 2001, the case was assigned a new case number as an unlimited civil case, and assigned to another judge (Judge Malcolm H.

Mackey). Lucutz filed a motion on May 25, 2001, to enter judgment in the sum of $25,000, pursuant to the case's status as a limited civil case, and plaintiff's statement in the pleading remitting any judgment in excess of $25,000. Lucutz also argued that Wozniak was equitably estopped to prevent entry of judgment in the sum of $25,000, and could not take advantage of an alleged ambiguity or error in his own pleading to obtain a better judgment at a new trial.

In opposition to the motion, plaintiff did not dispute any of the facts in the defendant's declarations and motion. Plaintiff argued that defendant had not established any error with respect to the March 15, 2001, order, and in any event, the superior court (Judge Mackey) lacked jurisdiction to grant the requested relief, which defendant could only obtain by appeal or writ, but not by a "collateral attack" on Judge Meiers's order.

In his reply brief, defendant requested that the court deem the motion to be made pursuant to Code of Civil Procedure section 473; pursuant to such timely motion, the trial court should vacate the order of mistrial.

At the hearing on the motion in June 2001, defendant contended also that Code of Civil Procedure section 128 afforded the court inherent authority to correct erroneous interim orders. In colloquy with counsel, Judge Mackey expressly stated that Judge Meiers's March 15, 2001, order was erroneous.[2] Judge Mackey then granted the motion. The minute order states: "The municipal court judge was without authority when, following a jury verdict, she rendered invalid the 'remit excess' clause in the [complaint], allowed plaintiff to amend the complaint, declared a mistrial, and ordered the case transferred to superior court." Judgment was thereafter entered in favor of plaintiff for $25,000 plus costs; the judgment recites that it was "in conformance with both the jury's verdict and the plaintiff's expressed agreement to remit any verdict or judgment in excess of the court in which this action was originally filed and tried."

Plaintiff appealed. He makes two alternative arguments: Judge Meiers's postverdict orders were valid and Judge Mackey had no authority to enter judgment on a verdict that had been voided by Judge Meiers; or, on the other

---

[2]Wozniak's counsel argued that "if this court has jurisdiction to issue any order here, it has to acknowledge that the order of transfer was correct." Judge Mackey responded, "No, I'm not, and I've made that specific: Judge Meiers' order was incorrect. . . . As to the transfer, she should have not transferred it. But she did transfer it, so therefore, I have to look at it." Judge Mackey also expressly agreed with the proposition that Judge Meiers erred in entering, or did not have authority to enter, the mistrial order. Judge Mackey also acknowledged that a transfer of the matter back to Judge Meiers was not a proper remedy, as she could potentially retransfer the case back to him, so the case "keeps going back and forth."

hand, if Judge Mackey had jurisdiction to enter judgment, he should have entered judgment for the full amount of the verdict and not $25,000.

DISCUSSION

A. *Jurisdictional Issues.*

■ Premised on the assumption that the March 15, 2001, orders of Judge Meiers were not vacated or set aside, appellant argues that Judge Mackey did not have authority to ignore them, "and thus, the entry of judgment on a voided verdict would have been made without authority or jurisdiction." Appellant also maintains that "the orders of March 15 are not void on their face," and Judge Mackey "had no authority to ignore those orders and enter judgment on a voided verdict."

As we interpret our record, however, Judge Mackey did expressly state that he was vacating the order of March 15, 2001, to the extent that it granted an amendment of the complaint and a mistrial. Even if the vacation of those aspects of the order of March 15, 2001, was only implicit, we would infer in support of the instant judgment that Judge Mackey had indeed vacated portions of the March 15, 2001, order, because those portions are inconsistent with the judgment. Since all intendments on appeal are in favor of the judgment, we presume the trial court decided all material issues consistent with the judgment. (*C. E. Buggy, Inc. v. Occupational Safety & Health Appeals Bd.* (1989) 213 Cal.App.3d 1150, 1155, fn. 1 [261 Cal.Rptr. 915].)

We conclude that Judge Mackey had jurisdiction, in the fundamental sense, to vacate the March 15, 2001, order granting an amendment of the complaint and a mistrial, and to enter judgment in the instant action.

■ " 'On unification of the trial courts in a county, all causes will be within the original jurisdiction of the superior court. . . . In a county in which the courts have unified, the superior court has original jurisdiction of limited civil cases, but these cases are governed by economic litigation procedures, local appeal, filing fees, and the other procedural distinctions that characterize these cases in a municipal court.' " (*Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 763, fn. 2 [98 Cal.Rptr.2d 1, 3 P.3d 286].) "Even though a superior court is divided into branches or departments, pursuant to California Constitution, article VI, section 4, there is only one superior court in a county and jurisdiction is therefore vested in that court, not in any particular judge or department. Whether sitting separately or together, the judges hold but one and the same court." (*Glade v. Glade* (1995) 38 Cal.App.4th 1441, 1449 [45 Cal.Rptr.2d 695].)

■ "Lack of jurisdiction" is a term used to describe situations in which a court is without authority to act. (*Janzen v. Workers' Comp. Appeals Board* (1998) 61 Cal.App.4th 109, 113 [71 Cal.Rptr.2d 260].) In its most fundamental or strict sense, "lack of jurisdiction" means an entire absence of power to hear or determine the case, i.e., an absence of authority over the subject matter or the parties. (*People v. National Automobile & Casualty Ins. Co.* (2000) 82 Cal.App.4th 120, 125 [97 Cal.Rptr.2d 858].) "Lack of jurisdiction" is also applied more broadly to a situation where, though the court has jurisdiction over the subject matter and the parties in a fundamental sense, it has no power to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites. (*Ibid.*) Thus, acts which exceed the defined power of a court in any instance, whether that power be defined by constitutional provision, express statutory declaration, or rules developed by the courts and followed under the doctrine of stare decisis, are described as acts in "excess of jurisdiction." (*Ibid.*; see also *In re Harris* (1993) 5 Cal.4th 813, 838-839, fn. 12 [21 Cal.Rptr.2d 373, 855 P.2d 391].)

■ Appellant does not establish the lack of jurisdiction in the fundamental sense, as the superior court clearly had jurisdiction over the subject matter and the parties. Having determined that the superior court had jurisdiction of the matter in the fundamental sense, we next proceed to determine whether Judge Mackey acted in "excess of jurisdiction," i.e., whether Judge Mackey made errors of procedural or substantive law.

With respect to errors of procedure, appellant maintains that Judge Mackey lacked authority to entertain Lucutz's request to vacate aspects of the March 15, 2001, order, which had been entered by another judge. Appellant contends that one trial judge may not reconsider and overrule an interim ruling of another judge; that the March 15, 2001, order, though not appealable, was reviewable by writ of mandate. Appellant concludes that as Lucutz sought no writ relief, and failed to establish any basis for reconsideration under Code of Civil Procedure section 1008, the superior court had no authority to reconsider or reverse the March 15 order.

To the extent that appellant contends that Judge Mackey's judgment was erroneous because it violated the principle of priority of jurisdiction, we conclude that the principle is inapplicable under the procedural posture of the instant case as there was no risk of conflicting simultaneous adjudications by different departments of the superior court.

■ The principle of priority of jurisdiction has been described as follows: " '[W]here a proceeding has been duly assigned for hearing and

determination to one department of the superior court by the presiding judge of said court in conformity with the rules thereof, and the proceeding so assigned has not been finally disposed of therein or legally removed therefrom, it is beyond the jurisdictional authority of another department of the same court to interfere with the exercise of the power of the department to which the proceeding has been so assigned. [Citation.] In other words, while one department is exercising the jurisdiction vested by the Constitution in the superior court of that county, the other departments thereof are as distinct therefrom as other superior courts. [Citation.] If such were not the law, conflicting adjudications of the same subject-matter by different departments of the one court would bring about an anomalous situation and doubtless lead to much confusion.' " (*People v. Madrigal* (1995) 37 Cal.App.4th 791, 795-796 [43 Cal.Rptr.2d 498].) However, as the " 'jurisdiction of a multi-judge, multidepartment superior court is vested in the court as a whole,' " if one department exercises authority in a matter which might properly be heard in another such action, such irregularity does not amount to a defect of jurisdiction. (*Id.*, at p. 795.) As stated by the court in *County of San Mateo v. Bartole* (1960) 184 Cal.App.2d 422, 436 [7 Cal.Rptr. 569]: "In most of the multi-judge counties, one judge is assigned to hear law and motion matters and thereafter the case is assigned to another judge for trial of the factual issues and for final disposition of the case. . . . The several judges, whether sitting separately or together, make up the same court. [Citation.] There is no merit in appellants' contention that both judgments [in the instant condemnation actions] are entirely void because one judge signed the judgments resolving the special defenses and another judge conducted the jury trial as to valuation and signed the interlocutory and final judgments that followed."

In the instant case, it is clear that Judge Meiers had transferred the matter out of her department and thus did not contemplate any further proceedings on the matter. Accordingly, there was no risk of simultaneous proceedings or conflicting decisions. Further, our record indicates that Wozniak made an oral motion to transfer the case out of Judge Meiers's department. Having expressly requested that another judge deal with post-verdict matters and the final disposition of the case, Wozniak has also waived any objection based on the principle of priority of jurisdiction. " 'While the fundamental type of jurisdiction can never be conferred by consent of the parties, the latter type [acts in "excess of jurisdiction"] is often subject to principles of consent and waiver.' " (*In re Marriage of Hinman* (1992) 6 Cal.App.4th 711, 716-717 [8 Cal.Rptr.2d 245].)

Without merit also is Wozniak's claim that Judge Mackey was without authority to vacate portions of the March 15, 2001, order because

Lucutz failed to establish the requirements of Code of Civil Procedure section 1008. We choose to follow that line of cases which recognizes that, Code of Civil Procedure section 1008 notwithstanding, the trial court retains the ability to reconsider its interim rulings and to change those rulings at any time prior to entry of judgment. (See *Darling, Hall & Rae v. Kritt* (1999) 75 Cal.App.4th 1148, 1156 [89 Cal.Rptr.2d 676]; *Remsen v. Lavacot* (2001) 87 Cal.App.4th 421, 426-427 [104 Cal.Rptr.2d 612]; *Case v. Lazben Financial Co.* (2002) 99 Cal.App.4th 172 [121 Cal.Rptr.2d 405].) ▮ "[T]he court's inherent power to correct its own rulings is based on the California Constitution and cannot be impaired by statute." (*Remsen, supra,* 87 Cal.App.4th at p. 426.) Moreover it is irrelevant whether the court acts sua sponte or pursuant to a party's motion: "We find this to be a distinction without a difference. Whether the trial judge has an unprovoked flash of understanding in the middle of the night or is prompted to rethink an issue by the stimulus of a motion is 'constitutionally immaterial' to the limitation on the power of the Legislature to regulate the judiciary." (*Id.,* at p. 427.) In either case, the ability of the trial court to correct what it perceives to be an incorrect interim ruling can only further the policy of conserving judicial resources.[3]

▮ In his reply brief below, Lucutz requested that the trial court deem his motion to be based on Code of Civil Procedure section 473 (section 473). Under section 473, the May 25, 2001, motion to vacate the order granting mistrial would be timely as made within six months of the mistrial order of March 15, 2001. (See *Phelps v. Superior Court* (1982) 136 Cal.App.3d 802, 815 [186 Cal.Rptr. 626].) A section 473 motion has been held to be a proper vehicle to afford a party its day in court, i.e., a full and fair hearing or an opportunity to respond to an opponent's motion. (See, e.g., *Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 620-621 [107 Cal.Rptr.2d 489]; *Avila v. Chua* (1997) 57 Cal.App.4th 860, 868 [67 Cal.Rptr.2d 373].)

It is undisputed on this record that Lucutz was not afforded any prior written notice of the postverdict motions to amend the complaint and to grant a mistrial; he was not afforded any opportunity to present written opposition prior to Judge Meiers's rulings on March 15, 2001. Lucutz brought his motion before Judge Mackey in order to vacate the prior order and to present, for the first time, written opposition to such motions. On these circumstances, the trial court impliedly found the existence of surprise

---

[3]"Section 1008 is designed to conserve the court's resources by constraining litigants who would attempt to bring the same motion over and over. On the other hand, these same judicial resources would be wasted if the court could not, on its own motion, review and change its interim rulings. [Citation.] Therefore, the only requirement of the court is that it exercise 'due consideration' before modifying, amending, or revoking its prior orders." (*Darling, Hall & Rae v. Kritt, supra,* 75 Cal.App.4th 1148, 1157.)

or excusable neglect, granted relief under section 473, and vacated portions of the prior order. This case presents a classic circumstance of surprise, thus warranting relief under section 473. We conclude that the trial court properly exercised its discretion under section 473 to vacate the March 15, 2001, order and to reconsider the postverdict motions on their merits. If the requirements for relief under section 473 are met, the viability of relief under section 473 cannot be defeated because the requirements for relief under section 1008 may not also have been met. (See, e.g., *Lee v. Wells Fargo Bank* (2001) 88 Cal.App.4th 1187, 1191, fn. 6 [106 Cal.Rptr.2d 726].)

Wozniak does not challenge the implied finding of the trial court that Lucutz was entitled to relief under section 473, nor does he establish any abuse of discretion in this regard. Rather, he argues, without any support in this record, that relief under section 473 is being raised for the first time on appeal, as such relief was not sought in the trial court by proper notice of motion. While it is true that Lucutz's notice of motion did not cite to section 473, it is also true that Lucutz's reply brief expressly argued for relief under section 473; at the hearing on the motion, Wozniak did not raise any objection to sufficiency of the notice or the lack of basis for relief under section 473. As stated by the court in *Fredrickson v. Superior Court* (1952) 38 Cal.2d 593 [241 P.2d 541], under similar circumstances: "As far as appears, petitioner made no objection to the hearing of the motion on the grounds of mistake, excusable neglect, etc. Under these circumstances we cannot say that the court acted in excess of its jurisdiction. Moreover, the grounds under section 473 having been raised at the hearing, and no objection having been made by petitioner to the sufficiency of the notice of motion in that respect, the petitioner waived any such objection." (*Id.*, at p. 598.)

Having concluded that Judge Mackey had jurisdiction to entertain the merits of Lucutz's motion, we proceed to address the merits of that motion.[4] As explained above, Judge Mackey, either expressly or by implication, granted relief pursuant to section 473 or exercised its inherent authority with respect to interim rulings; Judge Mackey thereafter vacated portions of the March 15, 2001, order and denied the motions to amend the complaint and to grant a mistrial, prior to entering judgment for $25,000.

---

[4]Accordingly, we necessarily reject Wozniak's argument that Lucutz's only proper remedy in this case was to seek writ review of the March 15, 2001, order.

No party questions our jurisdiction to hear this appeal, or contends that this case retained its status as a limited civil case after transfer to Judge Mackey so as to require Wozniak to appeal the judgment to the appellate division of the superior court. (See Code Civ. Proc., § 904.2.) Under the unusual procedural posture of this case, where the matter was transferred to Judge Mackey, assigned a different case number, and where no party is seeking to reverse the transfer order, we deem this judgment to be within the purview of Code of Civil Procedure section 904.1.

## B. *Trial Court Correctly Denied Motions to Amend Complaint and to Grant a Mistrial.*

██ "It is the general rule that, in a contested cause, in the absence of an amendment to the complaint to conform to proof, a court may not award the plaintiff a sum in excess of the amount of damages he claims to have sustained. (*Meisner* v. *McIntosh* (1928) 205 Cal. 11 [269 P. 612] . . . .) It is not the prayer of a pleading which is controlling; it is the averment contained in the pleading which determines the maximum sum which may be awarded the claimant. [Citations.] This is a long-standing principle." (*Castaic Clay Manufacturing Co. v. Dedes* (1987) 195 Cal.App.3d 444, 449 [240 Cal.Rptr. 652].)

"[A former] municipal court complaint for damages must specify the amount claimed by the plaintiff." (*Janssen v. Luu* (1997) 57 Cal.App.4th 272, 274 [66 Cal.Rptr.2d 838]; see also Code Civ. Proc., § 580, subd. (b)(1).) "We think it can be readily inferred that a litigant who files suit in a municipal court does not expect damages in excess of [the jurisdictional maximum], and that, absent any specific enumerated demand for an amount in excess of [that amount], his pleadings should be construed as seeking the relief which it is within the jurisdiction of the court to give." (*Babcock v. Antis* (1979) 94 Cal.App.3d 823, 828 [156 Cal.Rptr. 673].) In order to preclude divestiture of municipal court jurisdiction, practitioners include a clause in the complaint for remission of excess damages. (*Id.*, at pp. 828-829.)

"[T]he due process concerns enshrined in our constitutions—concerns which are fundamental to all precepts of jurisprudence . . . and codified in [Code of Civil Procedure] section 580—forbid a judgment against a defendant in excess of that demanded in the complaint without any formal notice of an increase of the amount in issue." (*Parish v. Peters* (1991) 1 Cal.App.4th 202, 210 [1 Cal.Rptr.2d 836] [dealing with default judgment against defendant].)

██ " 'One of the basic purposes of pretrial is to clarify and define the issues, and in that connection to examine the pleadings for necessary amendments. If, as in this case, the question of the sufficiency of a pleading is raised at a pretrial conference it should be resolved before the pretrial order is signed and the case set for trial. Among the ways it may be resolved are: (1) by the voluntary withdrawal as an issue, (2) by directing an appropriate amendment, and continuing the pretrial conference until the pleading issue is resolved, (3) by reformulating the issue at the pretrial conference and setting it forth in the pretrial order, or (4) by a ruling that no issue is raised with

respect to the allegations in question.' [¶] Here, none of the four procedures was followed, for neither was the complaint amended nor was the issue of damages reformed and set forth in the pretrial order. Therefore plaintiff is limited in his recovery to that amount prayed for in his complaint. In the absence of an amendment to conform to proof, the court may not properly award plaintiff damages in excess of the amount of damages which he claims to have sustained." (*Meyer Koulish Co. v. Cannon* (1963) 213 Cal.App.2d 419, 433-434 [28 Cal.Rptr. 757].)

In contested cases in superior court, where the complaint has not been amended, the award of damages in an amount greater than set forth in the complaint nevertheless has been affirmed on the ground that the parties had voluntarily submitted and actually tried the issue and there was no prejudice or surprise to defendant. (See *Castaic Clay Manufacturing Co. v. Dedes, supra*, 195 Cal.App.3d 444, 449-450; *Damele v. Mack Trucks, Inc.* (1990) 219 Cal.App.3d 29, 39-41 [267 Cal.Rptr. 197].)

The instant case is distinguishable from the *Castaic Clay* and *Damele* types of cases where the parties had submitted and actually tried the issues of damages in amounts above the limits set forth in the complaints. Here, the complaint contained a clear, unambiguous and valid remission clause that was not stricken or amended prior to or during trial. There is no evidence in our record that Lucutz ever voluntarily agreed to waive the remission clause, or agreed to try, or actually tried, the issue of damages in excess of the amount pleaded.[5] Under the instant circumstances, Lucutz had a right to rely upon the pleading limiting the amount of damages, and Lucutz may have taken actions and adopted trial strategy in reliance upon that limitation.[6] Moreover, Lucutz had a right to rely upon the provisions of Code of Civil Procedure section 580, subdivision (b)(1), which provides that in a limited civil case, relief may not be granted which exceeds the maximum amount in controversy for a limited civil case, i.e., $25,000.[7] Accordingly, our record indicates that this case falls squarely within the general rule of the *Meisner* and *Meyer Koulish Co.* line of cases, and Wozniak was not entitled to an award of damages in excess of $25,000.

[5]Wozniak has not provided as part of our record a transcript of the jury trial or any proceedings before or after the trial that may relate to the pleadings or the remission clause. Thus, he has not provided an adequate record to establish that Lucutz voluntarily submitted and tried the issue of damages in excess of $25,000.

[6]For example, our record indicates that Lucutz did not appear at the judicial arbitration. At the trial, three witnesses testified for Wozniak (including Wozniak), and several exhibits were admitted. Lucutz did not call any witnesses and offered only one exhibit, an estimate.

[7]Code of Civil Procedure section 580 provides in pertinent part: "(b) Notwithstanding subdivision (a), the following types of relief may not be granted in a limited civil case: [¶] (1) Relief exceeding the maximum amount in controversy for a limited civil case as provided in Section 85, exclusive of attorney's fees, interest, and costs."

Judge Mackey thus properly determined that there was no authority, after the trial, to permit an amendment of the complaint and the remission clause therein was valid. The remission clause being valid, Judge Mackey also properly determined that there was no basis to declare a mistrial. Judgment was properly entered in the amount of $25,000. (See, e.g., *Meyer Koulish Co. v. Cannon, supra*, 213 Cal.App.2d 419, 434.) Appellant offers no pertinent authority to support his contention that under the circumstances of this case, the trial court was required to enter judgment in the amount of the jury verdict.

### DISPOSITION

The judgment is affirmed. Lucutz is entitled to costs on appeal.

Woods, J., and Perluss, J., concurred.