GOLDSTEIN, J.
The plaintiff* has brought this action for payment for goods, wares, merchandise and services alleged to have been furnished to the defendant.* Suit was commenced on August 3,1959. Service of the complaint on the defendant was effected on August 24, 1959. Before the expiration of the *Supp. 923 defendant’s time to answer, Alan D. Davidson, one of the defendant’s attorneys, telephoned to the plaintiff’s attorney. They discussed a possible settlement of the ease. In the course of the discussion, the attorneys agreed that, pending the consummation or failure of their negotiations, the defendant would be given an extension of time to answer the complaint arid that such answer would not be due until 10 days after notice from the plaintiff’s attorney. This arrangement was confirmed by a letter sent to the plaintiff’s attorney by the defendant’s attorney, dated September 4, 1959, reading in part as follows: “This is to confirm that you will send us the particulars of this claim, namely, an invoice or statement of services rendered, date, amount claimed thereunder, and that you have given us additional time until ten days after notice from you to file an answer in this case.” . . . (Emphasis added.)
On September 29, 1959, the plaintiff’s counsel replied to the defendant’s letter of September 4, 1959, setting forth the particulars of the plaintiff’s claim. In his reply, he did not deny or repudiate in any way the statement in the defendant’s letter of September 4, 1959, confirming the arrangement whereby the defendant was given 10 days after notice within which to file her answer. On October 20, 1959, the plaintiff, without notice of any kind to the defendant’s attorney, entered a default judgment for the full amount demanded in the complaint. On October 27,1959, the defendant’s counsel, unaware of the entry of the default judgment, transmitted to the plaintiff’s counsel a proposal of settlement. The plaintiff’s counsel made no reply to this proposal, but on November 3, 1959, served upon the defendant an order requiring her to appear for examination in supplementary proceedings.
As soon as the defendant ascertained that a judgment had been entered against her, she made a motion in the court below to vacate the default judgment. Her moving papers consisted of the usual affidavit of merits, a copy of her proposed answer, and an affidavit setting forth the arrangement entered into between the attorneys and the circumstances under which the default was entered.
The plaintiff did not file any affidavit or documents in opposition to the motion and we must, therefore, assume for the purposes of this appeal, in the absence of such denial, that the defendant has correctly stated the facts and circumstances under which the default judgment was entered, as well as the *Supp. 924 arrangement entered into between the attorneys for the parties.
The court below denied the motion to vacate the default judgment and from that denial, this appeal is taken.
Section 473, Code of Civil Procedure, authorizes a court to relieve a party from a default judgment entered as a result of “inadvertence, surprise, or excusable neglect.” The underlying purpose behind this statute is to prevent injustice and to enable litigants to have their case heard on the merits. The statute, being remedial in character, must be construed, not strictly but liberally. Van Dyke v. MacMillan, 162 Cal.App.2d 594, 598 [328 P.2d 215].
Section 283, Code of Civil Procedure, provides, that stipulations between attorneys must either (a) be in writing filed with the clerk, or (b) be entered on the minutes of the court. It is commonly known, however, that notwithstanding this section, it is a matter of common practice among attorneys to honor oral stipulations relating to actions pending in our courts. Certainly, it is not the purpose of the section to encourage a disrespect for such oral stipulations. Its underlying purpose is to avoid misunderstandings which may arise where there is a dispute as to the precise meaning of such oral stipulations.
This court, however, is not divested, in a case of the character here involved, of its broad discretionary power to relieve a party from a default which he suffered in reliance on an oral stipulation with his adversary. There are many decisions in the appellate courts approving the exercise of such broad discretion. The instant case, moreover, is unique in that every element of certainty called for by section 283, Code of Civil Procedure, is here present.
The defendant’s letter of September 4, 1959, states with unmistakable clarity and precision her attorney’s summary and understanding of the oral stipulation entered into between the attorneys for the respective parties. When plaintiff’s counsel acknowledged that letter by his reply thereto, without repudiating or denying the arrangement therein set forth, he, in effect, acquiesced in the terms of the stipulation therein described.
Three questions are presented to this court:
(a) Did the defendant’s letter of September 4, 1959, and the plaintiff’s reply thereto justify the defendant in relying on the oral stipulation set forth in his letter;
*Supp. 925 (b) Was the plaintiff justified in entering the default judgment under the conditions here present; and
(e) Is the court so bound by the decision of the lower court that it may not on this appeal relieve the defendant from her default.
This court cannot regard the letter of September 4, 1959, taken together with the reply thereto of September 29, 1959, as a mere scrap of paper. If the plaintiff’s attorney intended to deny or repudiate the agreement set forth in the letter of September 4, 1959, it was clearly and manifestly his duty promptly so to inform his adversary. He must have realized that the defendant intended to rely upon the assurance to the defendant, which was implicit in the oral stipulation, and which was specifically confirmed by that letter. That the plaintiff fully acquiesced in the contents of the letter is supported by the fact that he (a) furnished the information called for by that letter, and (b) concluded his reply with the words: “We trust that this matter may now be satisfactorily concluded with payment.”
Having acquiesced in and accepted the oral stipulation, the plaintiff was thereafter bound to honor that stipulation to the fullest degree, and plaintiff’s attorney could not, in good conscience without giving the defendant’s attorney the 10-day notice called for in the letter, enter judgment by default. His act in so doing constituted a violation of his agreement and furnishes ample grounds for vacating the default judgment entered by him.
If the legal profession is to continue to retain the respect of the community, its commitments must be honored with the highest degree of sensitivity. Even in the world of business, the courts have, under circumstances similar to those here present, required a party to “speak or act.” Williston on Contracts, sections 91, 91a, page 283.
In Wood v. Gunther, 89 Cal.App.2d 718, the court stated at page 731 [201 P.2d 874]:“..., where in relation between the parties is such that the offeror is justified in expecting a reply, or the offeree is under a duty to reply, the latter’s silence will be regarded as acceptance. Under such circumstances, ‘one who keeps silent, knowing that his silence will he misinterpreted, should not be allowed to deny the natural interpretation of his conduct,’ ”... (Emphasis added.)
In Hobbs v. Massasoit Whip Co., 158 Mass. 194 [33 N.E. 495], Justice Holmes pointed out that in certain situations as where there is a duty to speak, an offer may be accepted by *Supp. 926 silence and bind the offeree. In that case he said: “The proposition stands on the general principle that conduct which imports acceptance or assent is acceptance or assent, in the view of the law, whatever may have been the actual state of mind of the party,—a principle sometimes lost sight of in the cases.” (Emphasis added.)
If this be the rule as between laymen, how much more necessary it is to invoke it in the ease of the legal profession.
A consideration of the cases decided in this state in which situations, similar to those here present existed, indicates a consistent policy to relieve a party from a default taken under such circumstances.
In Dahlin v. Moon, 141 Cal.App.2d 1 [296 P.2d 344], the court held that the failure of plaintiff’s attorney to notify the defendant’s attorney that he intended to take a default judgment constituted a sufficient ground for setting aside the default under section 473, Code of Civil Procedure, especially where this “undesirable practice” (page 5) was aggravated by the taking of a default judgment “contrary to agreement between counsel.” In that ease there was no correspondence confirming the arrangement between the attorneys. There, the defendant’s attorney, who was about to leave ón vacation, requested additional time within which to discuss a settlement upon his return from his vacation. He was assured that nothing would be done. While on his vacation, the default judgment was entered. It was vacated by the court.
In Farrar v. Steenbergh, 173 Cal. 94, the court stated at page 98 [159 P. 707]: “Attorneys do not usually take defaults against opposing attorney with whom they are on friendly terms, without giving information thereof. . . . Courts should not encourage the practices here followed ...”
In Witkin on Procedure, volume 2, page 1694, he states: “There is no statutory or rule requirement that the plaintiff’s attorney notify the defendant’s attorney (if'known) that he intends to take a default. But failure to do so will usually be a sufficient ground for setting the default aside on motion under C.C.P. 473.”
In Smith v. Los Angeles Bookbinders Union, 133 Cal.App.2d 486, the court stated at page 500 [284 P.2d 194]: “The quiet speed of plaintiff’s attorney in seeking a default judgment without the knowledge of defendant’s counsel is not to be commended.”
In the same case, the court stated at page 499: “The law does not favor snap judgments.”
*Supp. 927 In Beard v. Beard, 16 Cal.2d 645, the court held at page 648 [107 P.2d 385]: “. . . there was a sufficiently reasonable excuse to justify the setting aside of the default judgment, apparently on the basis of respondent’s allegation that the continued negotiations between the respondent and appellant had lulled the respondent’s attorney into a sense of security.” . . .
The plaintiff’s attorney in his brief, filed in this court, has not attempted to justify Ms right as such to enter the default judgment without notice to his adversary. He contends only, that this court should not disturb the ruling of the lower court because it has exercised its discretion in his favor. However, it must be borne in mind, that we are here presented with the same facts which were before the court below. There is no dispute in this case with respect to the facts or circumstances surrounding the entry of judgment. We are, therefore, not confronted with the ruling of a trial court based upon disputed or conflicting testimony.
In Dunning v. Dunning, 114 Cal.App.2d 110, the court stated at page 114 [249 P.2d 609]: “There is no conflict in the evidence. The controversy was submitted to the trial court upon a stipulation of facts. Under the circumstances here presented, there is no issue of fact, and it is the duty of an appellate court to make the final determination, in accordance with the applicable principles of law, ...”
In Keeler v. Haky, 160 Cal.App.2d 471, the court states at page 476 [325 P.2d 648], with respect to the construction of written agreements: “A written agreement, unless it is ambiguous, must be construed by a consideration of its own terms. The meaning and intent thereof is a question of law and the reviewing court is not bound by the trial court’s findings and conclusions regarding such intent and meaning.”
We do not have before us a case involving ambiguity or uncertainty. The statement setting forth the understanding between the two attorneys is clear, concise, unambiguous and certain.
In a case of this character, therefore, we, as well as the lower court, are equally clothed with a “legal discretion, not an arbitrary one.” Riskin v. Towers, 24 Cal.2d 274, 279 [148 P.2d 611, 153 A.L.R. 442].
In Douglass v. Todd, 96 Cal. 655, the court states at page 659 [31 P. 623, 31 Am.St.Rep. 247]: “A sound discretion controlled by an enlightened judgment, keeping in view public interests and the due and orderly administration of the law, *Supp. 928 is to be exercised in granting that relief which justice between the parties to the cause seems to require.”
In Robinson v. Hiles, 119 Cal.App.2d 666, the court states at page 673 [260 P.2d 194]: “It is also well established that it is the policy of the law to bring about a trial on the merits whenever possible, so that any doubts which may exist should be resolved in favor of the application, to the end of securing to a litigant his day in court and a trial upon the merits. ’ ’
In Van Dyke v. MacMillan, 162 Cal.App.2d 594 [328 P.2d 215], the appellate court reversed an order denying a motion to vacate a default judgment, stating at page 598: “Even in a ease where the showing under section 473 is not strong, or where there is any doubt as to setting aside of a default, such doubt should be resolved in favor of the application.” (Emphasis added.)
We entertain no doubt that, in the exercise of a sound discretion, the default judgment entered by the plaintiff in violation of his agreement should be vacated and set aside and the defendant permitted to litigate the issues raised by her answer.
Accordingly, the order denying the motion to vacate the default judgment is reversed, with costs to the appellant.
Hellas, P. J., and Meyers, J., concurred.

Throughout this opinion we shall refer to the defendant and appellant as the defendant, and the plaintiff and respondent as the plaintiff.