[No. A065497. First Dist., Div. Two. Mar. 3, 1995.]

PHILIP GILBERD, Plaintiff and Appellant, v.
AC TRANSIT, Defendant and Respondent.

**COUNSEL**

Steel, Clarence & Buckley, Stuary Buckley, John Beattie and Thomas Steel for Plaintiff and Appellant.

Paul M. Sluis for Defendants and Respondents.

**OPINION**

**HAERLE, J.—**

### I. INTRODUCTION

Appellant appeals from a judgment of dismissal, based upon the sustaining of a demurrer without leave to amend, which was entered after the trial court granted respondent's motion to reconsider its initial order granting appellant relief, pursuant to Government Code section 946.6, from the claims filing requirements of the Tort Claims Act. (Gov. Code § 810 et seq.) We conclude that the trial court lacked jurisdiction over respondent's motion

to reconsider. We further conclude that the alternative bases of respondent's motion, requests for a new trial and for relief pursuant to Code of Civil Procedure section 473, also cannot support the challenged order. Because the trial court exceeded its jurisdiction, we must vacate the judgment and order entered as a result of the motion for reconsideration.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Appellant was seriously injured on April 24, 1992, while allegedly a passenger on one of respondent's buses. Respondent is a public entity, created pursuant to Public Utilities Code section 24501 et seq. For this reason, the requirements of the Tort Claims Act (Gov. Code § 810 et seq.) apply.

Appellant retained counsel to prosecute his claim. On October 23, 1992, one day prior to the expiration of the six-month deadline for filing a claim with a public entity (Gov. Code § 945.6), appellant presented a claim which named both the County of Alameda (hereafter County) and respondent, to the County, and not to respondent.

That claim was rejected by operation of law on December 8, 1992. (See Gov. Code § 912.4, subd. (b).) The County served a formal rejection of the claim on January 13, 1993. The notice did not state the reason for denying the claim, but did advise appellant that he had six months within which to sue.

Appellant filed suit on April 28, 1993, more than one year after the date of the accident, but within six months of receiving the notice. Appellant served respondent on May 11, 1993.

On May 18, 1993, after receiving the complaint, the County contacted appellant's counsel advising that it (1) was a separate public entity from respondent; (2) did not process or accept claims for respondent; and (3) was not liable for appellant's damages.

On June 10, 1993, appellant presented respondent a petition to file a late claim. On June 17, 1993, respondent denied that petition and answered the lawsuit, asserting that it was time barred.

On November 3, 1993, following discovery by both parties, respondent moved for summary judgment on two alternative grounds: (1) the action was barred by appellant's failure to submit a timely claim to respondent in accordance with the procedures set forth in the Government Code and (2) if

the appellant was not required to comply with the claims procedure due to inaccuracies in respondent's entry in the County Clerk's roster of public agencies (see Gov. Code §§ 946.4, 53051), the action was barred by the one-year statute of limitations for personal injuries.

On November 8, 1993, appellant filed (1) a petition, pursuant to Government Code section 946.6, for relief from the claim filing requirements of that code and (2) a motion for leave to file an amended complaint alleging facts supporting the petition. The petition was based upon appellant's counsel's alleged inability to locate the County's Roster of Public Agencies, notwithstanding repeated inquiries to the County Clerk on this subject, and his subsequent reliance upon the clerk's advice that a claim against respondent should be presented to the County Clerk in triplicate on a form provided by the County Clerk.

On November 23, 1993, the trial court granted appellant's motions and dismissed respondent's summary judgment motion as moot.

On December 3, 1993, respondent filed a notice of motion for reconsideration of all of the November 23, 1993, rulings. In the alternative, respondent requested a new trial. As a further alternative, respondent sought relief from the rulings under Code of Civil Procedure section 473 on the ground that respondent's counsel's error in failing to comply with a local rule by neglecting to timely call the trial court to schedule a hearing on the tentative rulings in appellant's favor was due to mistake, inadvertence, and excusable neglect.[1] Together with the motion requesting relief from the initial rulings, respondent filed a demurrer to the first amended complaint; the demurrer incorporated respondent's earlier summary judgment motion.

Respondent's motions were heard on January 7, 1994. The trial court issued an order (1) granting reconsideration; (2) vacating its November 23 order granting relief pursuant to Government Code section 946.6; (3) denying appellant's Government Code section 946.6 petition; and (4) sustaining respondent's demurrer to the first amended complaint without leave to amend. A judgment of dismissal was entered on January 31, 1994. Appellant's timely notice of appeal followed.

### III. DISCUSSION

The threshold issue is whether the trial court had the power to reconsider its November 23 orders. We conclude that the exclusive avenue

---

[1]Counsel represented that he was in trial that week and that his office had experienced recent and substantial turnover.

for reconsideration of those orders was that set forth in Code of Civil Procedure section 1008 (hereafter section 1008) and that respondent's motion did not meet the prerequisites for relief under that statute. We further conclude that section 1008 is jurisdictional. Therefore, the trial court lacked power to grant the relief that it did. For this reason, the trial court's order of January 24 and the subsequent judgment of dismissal resulting therefrom must be vacated.

Section 1008 governs reconsideration of court orders whether initiated by a party or the court itself. "It is the exclusive means for modifying, amending or revoking an order. That limitation is expressly jurisdictional." (*Morite of California* v. *Superior Court* (1993) 19 Cal.App.4th 485, 490 [23 Cal.Rptr.2d 666].)

The statute provides in pertinent part:

"(a) When an application for an order has been made to a judge, or to a court, and . . . granted . . . any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and *based upon new or different facts, circumstances, or law*, make application to the same judge or court that made the order, to reconsider the matter and modify, amend or revoke the prior order, The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown.

"    . . . . . . . . . . . . . . . . . . . . . . . . .

"(c) If a court at any time determines that there has been *a change of law* that warrants it to reconsider a prior order it entered, it may do so on its own motion and enter a different order.

"(d) A violation of this section may be punished as a contempt and with sanctions as allowed by Section 128.5. In addition, an order made contrary to this section may be revoked . . . .

"(e) *This section specifies the court's jurisdiction* with regard to applications for reconsideration of its orders and renewals of previous motions, and *applies to all applications to reconsider any order* of a judge or court . . . whether the order deciding the previous matter or motion is interim or final. *No application to reconsider any order or for the renewal of a previous motion may be considered by any judge or court unless made according to this section.*" (*Morite of California* v. *Superior Court, supra,* 19 Cal.App.4th at pp. 490-491, italics added.)

According to the plain language of the statute, a court acts in excess of jurisdiction when it grants a motion to reconsider that is not based upon "new or different facts, circumstances, or law." Respondent urges that this jurisdictional prerequisite was satisfied in one of two ways: first, respondent argues that the trial court misinterpreted California law in its initial decision and, therefore, the respondent relied upon "different" law when it reiterated its prior reasoning and authorities for rejecting appellant's Government Code section 946.6 petition. Second, respondent urges that the fact that it had not intended to waive oral argument on the initial motions constitutes a "new" fact or circumstance sufficient to satisfy the statute. We find both of respondent's contentions meritless.[2]

Respondent's first contention is utterly specious. What respondent essentially argues is that section 1008 does not apply when the litigant disagrees with the trial court's ruling. Since in almost all instances, the losing party will believe that the trial court's "different" interpretation of the law or facts was erroneous, to interpret the statute as the respondent urges would be contrary to the clear legislative intent to restrict motions to reconsider to circumstances where a party offers the court some fact or authority that was not previously considered by it.

Second, we cannot accept respondent's implicit interpretation of section 1008 that a "new" or "different" fact or circumstance wholly *collateral* to the merits of the initial motion is sufficient to warrant reconsideration. While not denigrating the assistance that oral argument can provide to a court, the fact that respondent intended to request that the court entertain oral argument with respect to the initial motions is clearly collateral to the merits of the motions.[3] Again, respondent *did not present any facts or authorities relating to the merits of the underlying motion that were not considered by the trial court when it issued its initial orders.*

[2]At oral argument, respondent contended that the appropriate standard of review was whether the trial court abused its discretion by granting rehearing. Our independent research revealed one case supporting respondent's contention. (See *Dameshghi* v. *Texaco Refining & Marketing, Inc.* (1992) 3 Cal.App.4th 1262, 1283 [6 Cal.Rptr.2d 515] [trial court had discretion to evaluate the showing made of "alleged different state of facts"].) In the present case, however, it is apparent that the trial court rejected appellant's jurisdictional objections based upon section 1008 out of hand and did not even purport to exercise any discretion with respect to whether respondent's motion fell within the jurisdictional boundaries prescribed by that statute. For the reasons set forth *post,* we believe as a matter of law that the proffered grounds for respondent's motion cannot satisfy the applicable legal criteria. Therefore, a remand to the trial court to exercise its discretion in this matter would be a futile act. (Cf. *Gardner* v. *Superior Court* (1986) 182 Cal.App.3d 335 [227 Cal.Rptr. 78] [remanding for exercise of discretion after trial court's failure to do so].)

[3]At the hearing on the motion to reconsider, the trial court remarked that it had hoped for oral argument to assist it in deciding the appellant's motions, which it believed presented difficult issues. The trial court, of course, has the power to order the parties to appear for oral

Perhaps recognizing the fatal flaw in its motion to reconsider, respondent devotes more resources to arguing that the alternative grounds for his motion to reconsider can support the relief granted by the trial court. We disagree.

■ First, respondent's contention that the relief granted by the trial court was appropriately ordered pursuant to Code of Civil Procedure section 473 is easily refuted. To hold, under the circumstances presented in this case, that the general relief mechanism provided in section 473 could be used to circumvent the jurisdictional requirements for reconsideration found in section 1008 would undermine the intent of the Legislature as specifically expressed in section 1008, subdivision (e): "No application to reconsider any order . . . may be considered by any judge or court unless made according to this section." Therefore, we decline to so hold.

■ We also reject respondent's contention that the relief granted by the trial court was appropriate under Code of Civil Procedure section 657, which governs motions for new trials. Although it is true that the proceeding underlying a motion for new trial need not be a "classic" trial, a prerequisite for a motion for a new trial is a trial court proceeding which results in a judgment or appealable order. (Cf. *Carney* v. *Simmonds* (1957) 49 Cal.2d 84 [315 P.2d 305] [broadening scope of motion, but describing its application solely in terms of types of *judgments*]; *Blue Mountain Development Co.* v. *Carville* (1982) 132 Cal.App.3d 1005, 1014 [183 Cal.Rptr. 594] ["A motion for new trial may be used to challenge an appealable order on a motion as well as a decision or verdict in a conventional civil action [citation] . . . ."])

Relying upon *Greyhound Lines, Inc.* v. *County of Santa Clara* (1986) 187 Cal.App.3d 480 [231 Cal.Rptr. 702], respondent contends that an order deciding a Government Code section 946.6 petition is a final, appealable order. Respondent overlooks the distinction between an order denying and an order granting such a motion. As one court explained: "[S]ince . . . a denial manifestly constitutes a final determination of a claimant's rights it would appear to be appealable. [Citations.] [¶] On the other hand a court ruling *allowing* relief from the untimely filing of a claim . . . is nothing more than a prelude to further proceedings. It must therefore be regarded as interlocutory in nature, and not appealable. [Citation.]" (*Church* v. *County of Humboldt* (1967) 248 Cal.App.2d 855, 857 [57 Cal.Rptr. 79], italics in original, fn. deleted; accord, *County of Alameda* v. *Superior Court* (1987) 196 Cal.App.3d 619, 622 [242 Cal.Rptr. 215]; *City of Los Angeles* v.

argument prior to issuing an order and should exercise that power if it believes argument would be helpful.

*Superior Court* (1993) 14 Cal.App.4th 621, 628 [17 Cal.Rptr.2d 703].) The *Greyhound* decision involved an appeal from an order denying a petition; the relevant order in this case granted the petition. Code of Civil Procedure section 657 was not applicable in this case; the only available mechanism for reconsideration was section 1008.

■ Our conclusion is confirmed by the broad language of section 1008, which governs an order resulting from "an application to a judge or court" and speaks in terms of reconsideration of "any order." (§ 1008, subds. (a), (e).) A "petition" (Gov. Code, § 946.6) is a "formal, written *application* to a court . . . ." (Black's Law Dict. (5th ed. 1979) p. 1031, italics added; see also p. 90 [definition of application].) Thus, the inclusive language of section 1008 is sufficiently broad to encompass an order granting a Government Code section 946.6 petition.

Having concluded that section 1008 was the exclusive avenue for the relief requested and that respondent did not meet the jurisdictional prerequisites for relief under that statute, we find that the trial court acted in excess of its jurisdiction by granting the motion for reconsideration. Therefore, paragraphs 1 and 2 of the order, filed January 31, 1994, must be vacated and the prior order, filed November 23, 1993, granting appellant relief pursuant to Government Code section 946.6 must be reinstated.

Respondent nevertheless argues that paragraph 3 of the January 31 order, which granted respondent's demurrer to the First Amended Complaint without leave to amend must be affirmed. We disagree. Respondent's demurrer consisted solely of an incorporation of respondent's prior summary judgment motion, which was denied as moot in light of the trial court's November 23, 1993 orders granting appellant's petition and motion. The demurrer, therefore, again sought the trial court's consideration of issues previously and expressly determined adversely to respondent by the trial court. As such, the demurrer was simply part and parcel of respondent's unauthorized motion for reconsideration. (Code Civ. Proc., § 1008; cf. *Curtin* v. *Koskey* (1991) 231 Cal.App.3d 873, 878 [282 Cal.Rptr. 706] [regardless of motion's title, to the extent it raises the same issues previously ruled upon, it is a motion for reconsideration]; Code Civ. Proc. 437c, subd. (f)(2) [renewal of summary judgment motion].) Accordingly, paragraph 3 of the January 31 order and the judgment premised thereon also must be vacated.[4]

---

[4]Because the underlying merits of the trial court's November 23 order granting appellant's Government Code section 946.6 petition are not implicated by the procedural resolution of this appeal, we do not reach respondent's contention that that order was erroneous. Respondent, however, is not left without a remedy for the purported error. For example, if faced with

## IV. Disposition

The order, filed January 31, 1994, and the judgment, filed as a result thereof on January 31, 1994, are vacated. The case is remanded to the trial court for further proceedings consistent with this opinion.

Kline, P. J., and Phelan, J., concurred.

A petition for a rehearing was denied April 3, 1995, and the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied June 14, 1995.

---

an adverse final judgment in this case, respondent could raise the issue either on appeal or by bringing a motion for new trial, provided the prerequisites set forth in Code of Civil Procedure section 657 are met.