Filed 6/15/16  Schmart v. Brophy CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| WILLIAM J. SCHMART, | |
| Plaintiff and Appellant, | E063325 |
| v. | (Super.Ct.No. CIVDS1304200) |
| KEVIN BROPHY, et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Pacheco, Judge.  Affirmed.

William J. Schmart, in pro. per., for Plaintiff and Appellant.

Law Offices of Vivian L. Schwartz and Michael A. Portigal for Defendants and Respondents.

Plaintiff William J. Schmart appeals from an order granting a motion to vacate default and default judgment, to stay a writ of execution, and to quash service of summons (the motion to vacate) by defendants and respondents, Kevin Brophy and

1

Kathy Brophy. Plaintiff asserts defendants were in fact properly served, their defaults were properly taken, and their motion to vacate set forth no basis for setting aside the defaults. In addition, plaintiff argues the trial court erroneously denied a motion for reconsideration of its order on the motion to vacate defaults even though he explained he could not be present in court on the day the trial court granted the motion to vacate because he was sick and had to go to the hospital. For the reasons we set forth, we affirm the orders plaintiff challenges on appeal.

FACTUAL AND PROCEDURAL BACKGROUND

On April 25, 2013, plaintiff filed a complaint for conversion, trespass, and related causes of action. He alleged he had rented an apartment from defendants and accused them of taking over $300,000 in personal property from him.

On December 31, 2013, plaintiff filed two proofs of service, each executed by one Ariel Beasley, who is not a registered process server. Beasley alleged that he had unsuccessfully tried to serve Kevin Brophy twice at a location on Date Street in San Bernardino before locating his wife and codefendant, Kathy Brophy, at a location on Genevieve Street in San Bernardino. The proofs of service attest that Beasley personally served Kathy Brophy at the address on Genevieve Street on December 2, 2013, and that he simultaneously effected substitute service on Kevin Brophy by giving copies of the complaint and related documents to Kathy Brophy and later mailing them to Kevin Brophy.

The trial court entered both defendants' defaults on February 13, 2014. On June 5, 2014, plaintiff requested a default prove-up hearing. On June 27, 2014, after hearing testimony from plaintiff, the trial court entered a default judgment against defendants in the amount of $344,563.38. A writ of execution issued on August 22, 2014.

On September 18, 2014, defendants filed their motion to vacate. Each defendant concurrently submitted a declaration containing the following statement: "Though I am a defendant in [this] action I have never been served any of the documents in this case." Each defendant also explained that the Genevieve Street address at which service allegedly occurred was occupied by "regular tenants," such that neither of the defendants, who worked as property managers, could be expected to have been located there. In addition, each defendant asserted that he or she only became aware of this lawsuit after asking a collections agent for help in collecting a judgment plaintiff owed from another case, and each defendant attested that, had he or she known of plaintiff's action, he or she would have timely responded.

Plaintiff filed an opposition and a declaration in which he accused defendants of lying about not being served and asserted that he saw service occur as alleged in the proofs of service. Beasley submitted a declaration in which he averred that service occurred as stated in the proofs of service.

The hearing on the motion to vacate occurred on October 31, 2014. Plaintiff was not present. On that date, the trial court vacated the default judgment, rescinded the abstract of judgment, set aside the defendants' defaults, and quashed service as to them.

3

On November 14, 2014, plaintiff filed a motion for reconsideration of the court's October 31, 2014 order under Code of Civil Procedure[1] section 1008, subdivision (a). In a declaration, plaintiff alleged he missed the October 31, 2014 hearing because he was sick and had to go to the hospital. Plaintiff otherwise repeated arguments from his opposition to the motion to vacate, and he again accused defendants of lying about not being served. Plaintiff also filed a new declaration from Beasley that was identical to his earlier declaration except for the date of execution.

Defendants' written opposition to plaintiff's motion for reconsideration argued plaintiff had not presented "new" facts or law within the meaning of section 1008, subdivision (a). They also noted the motion largely repeated arguments plaintiff had made when opposing the motion to vacate.

On December 31, 2014, the trial court took the motion for reconsideration under submission. Later the same day, it denied the motion in a minute order noting that plaintiff had submitted no proof of his alleged illness on October 31, 2014, and agreeing with the opposition that plaintiff's motion was based on evidence the court had already considered in conjunction with the opposition to the motion to vacate.

---

[1] Unless otherwise specified, all statutory references are to the Code of Civil Procedure.

ANALYSIS

Plaintiff now appeals the granting of defendants' motion to vacate and also argues the denial of his motion for reconsideration was erroneous.[2]  In support of the latter contention, plaintiff filed a motion to augment the record in this court with medical records purportedly proving that he was in the hospital on the day of the hearing on the motion to vacate.  We deemed the motion to augment a request for judicial notice and reserved ruling thereon for consideration with the appeal.  As we explain, we deny the request for judicial notice and affirm the trial court's orders.

1.  *The trial court did not abuse its discretion in granting the motion to vacate*

" '[C]ompliance with the statutory procedures for service of process is essential to establish personal jurisdiction.  [Citation.]  Thus, a default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void.  [Citation.]'  (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1444.)  Under section 473, subdivision (d), the court may set aside a default judgment which is valid on its face, but void, as a matter of law, due to improper service."  (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 544.)  When the issue on appeal is whether service was invalid, such as to render a default judgment void under section 473, subdivision (d), we review the trial court's order de novo.  (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1200.)

---

[2]  The denial of a motion for reconsideration is not separately appealable.  (§ 1008, subd. (g).)  Nonetheless, we review the denial of plaintiff's motion for reconsideration as part of the appeal from the order granting the motion to vacate.  (*Ibid.*)

Nevertheless, "we defer to the trier of fact on issues of credibility." (*Lenk v. Total-Western, Inc.* (2001) 89 Cal.App.4th 959, 968.) "Moreover, neither conflicts in the evidence nor ' "testimony which is subject to justifiable suspicion . . . justif[ies] the reversal of a judgment, for it is the exclusive province of the [trier of fact] to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends." ' [Citation.] Testimony may be rejected only when it is inherently improbable or incredible, i.e., ' "unbelievable *per se*," ' physically impossible or ' "wholly unacceptable to reasonable minds." ' " (*Oldham v. Kizer* (1991) 235 Cal.App.3d 1046, 1065.) In addition, "on appeal we presume the trial court's order is correct, indulge all presumptions in favor of that correctness, and resolve all ambiguities in favor of affirmance." (*Ellis v. Toshiba America Information Systems, Inc.* (2013) 218 Cal.App.4th 853, 889.)

In this case, plaintiff argues the declarations he and Beasley submitted in opposition to the motion to vacate conclusively proved that service on defendants properly occurred. We disagree. Each defendant presented evidence that service never occurred as plaintiff and Beasley alleged. Moreover, each defendant gave reasons for finding plaintiff's and Beasley's credibility lacking by explaining that the address where service purportedly occurred belongs to tenants in buildings defendants manage, such that they could not be expected to be found in that location. There is nothing "inherently improbable or incredible" about defendants' testimony. (*Oldham v. Kizer*, *supra*, 235 Cal.App.3d at p. 1065.) Since the record contains evidence supporting the conclusion

6

that service of the summons and complaint on defendants never actually occurred, the trial court had a basis for vacating the defaults and the default judgment as void within the meaning of section 473, subdivision (d). We may not reweigh credibility on appeal.

Plaintiff's argument that defendants' motion was filed after the six-month window allotted by section 473, subdivision (b), is irrelevant, given that subdivision (d) of section 473 contains no time limits in which a party must move to vacate a judgment or order that is void. His contention that defendants failed to demonstrate "mistake, inadvertence, surprise, or excusable neglect" within the meaning of subdivision (b) of section 473 is similarly misplaced.

Plaintiff also asserts on appeal that defendants found out about the judgment against them far sooner than they admitted in the declarations supporting the motion to vacate. More specifically, he states he called Kathy Brophy on July 30, 2014, to ask her if she was going to pay any portion of the judgment, and she "told [him] in a drunken and/or stoned voice 'sue us?' " before dropping the phone. Plaintiff cites, and we have found, no portion of the record that supports this allegation. We therefore disregard it. (Cal. Rules of Court, rule 8.204(a)(1)(C); *Jumaane v. City of Los Angeles* (2015) 241 Cal.App.4th 1390, 1406.) Even had plaintiff supported his assertion that defendants had notice of the default judgment months before they filed the motion to vacate, "[m]ere knowledge of the action is not a substitute for service, nor does it raise any estoppel to contest the validity of service." (*In re Abrams* (1980) 108 Cal.App.3d 685, 693.) For the reasons stated in the preceding paragraph, the record supports the trial court's implied

7

conclusion that no service occurred, which in turn supports the granting of the motion to vacate on the ground that the defaults and the default judgment were void for lack of proper service. (§ 473, subd. (d).)

    2. *The trial court did not abuse its discretion in denying the motion to vacate*

Section 1008 allows a party to seek reconsideration of an earlier trial court order, but only if the request is "based upon new or different facts, circumstances, or law." (§ 1008, subd. (a).) "Case law after the 1992 amendments to section 1008 has relaxed the definition of 'new or different facts,' but it is still necessary that the party seeking that relief offer some fact or circumstance not previously considered by the court." (*New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 213.) In addition, any new facts alleged in support of a section 1008 motion for reconsideration must be more than merely collateral to the merits of the motion on which reconsideration is sought. (*Gilberd v. AC Transit* (1995) 32 Cal.App.4th 1494, 1500 (*Gilberd*).) We review an order on a motion for reconsideration for abuse of discretion. (See, e.g., *New York Times v. Superior Court*, at p. 212.)

Here, plaintiff sought reconsideration on the theory that the trial court granted the motion to vacate because he could not be present at the hearing due to illness. Plaintiff did not, however, offer any documentary proof of his alleged maladies in the trial court, instead asking us to examine the medical records of which he requests judicial notice. We decline the invitation, since plaintiff's medical records "were not presented to the trial court." (*In re Marriage of Eustice* (2015) 242 Cal.App.4th 1291, 1300, fn. 3.)

8

Even had plaintiff presented proof that he was too ill to attend the hearing on the motion to vacate, this fact does not support reconsideration of the court's earlier order. In *Gilberd*, a party sought reconsideration on the theory that its counsel's failure to request oral argument on the motion that led to the order subject to the reconsideration motion constituted a "new fact" within the meaning of section 1008, subdivision (a). (*Gilberd*, *supra*, 32 Cal.App.4th at pp. 1498-1499.) The court held: "While not denigrating the assistance that oral argument can provide to a court, the fact that respondent intended to request that the court entertain oral argument with respect to the initial motions is clearly collateral to the merits of the motions. Again, respondent did not present any facts or authorities relating to the merits of the underlying motion that were not considered by the trial court when it issued its initial orders." (*Id.* at p. 1500, fn. omitted.) The same logic applies here, as plaintiff's nonappearance at the hearing on the motion to vacate was collateral to the merits of the parties' evidence and the arguments in their briefs. Furthermore, the minute order denying the motion for reconsideration explicitly noted that it had considered plaintiff's opposition to the motion to vacate and that the motion for reconsideration offered nothing new other than plaintiff's unsubstantiated claim of illness. The trial court therefore did not abuse its discretion in denying the motion for reconsideration.

DISPOSITION

The judgment is affirmed.

Respondents are awarded their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

RAMIREZ

P. J.

HOLLENHORST

J.